UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUG WOLSHLAGER,

      Plaintiff,

v.                                                                                        Hon. Janet T. Neff

CLINTON METTLER, et al.,                                          Case No. 1:23-cv-916

      Defendants.

_____/

**AMENDED REPORT AND RECOMMENDATION**

Plaintiff filed his complaint in this case on August 30, 2023, against Clinton Mettler, Peter Dent, Ben Ebarly, Shawn Yech, Fatoki Abeymi, and Jonathan Bowman. Because Plaintiff has been granted leave to proceed in forma pauperis, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, I conclude that Plaintiff's complaint must be dismissed as it fails to state a claim upon which relief may be granted.

Plaintiff, who identifies himself as "*i*, a man Doug Wolshlager," does not allege who Defendants are or what they have done to violate his rights. Plaintiff simply alleges the following: (1) "All presumptions of death of claimant are rebutted"; (2) "From the beginning as God as my witness *i* Doug a true man of God acknowledge all blessings given by God; repent all transgressions against God; waive all claims without God"; (3) "*i* require the immediate restoration of all property including my body"; (4) "*i* require compensation in the amount of five silver dollars per min for doing harm to *i*, a man"; and (5) "if there is no rebutting verified claim submitted

within 3 days my claim stands as truth." (ECF No. 1 at 1.) This is the totality of Plaintiff's allegations.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiff is proceeding pro se, the Court must construe his pleading more liberally than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this

liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

As the above summary of the complaint demonstrates, Plaintiff fails to allege a plausible claim under the applicable pleading standards. In fact, his allegations fall far short of even suggesting a cognizable legal claim. Moreover, the complaint is legally frivolous, meaning it "lacks an arguable basis either in fact or in law," and it "lacks an arguable or rational basis in fact if it describes fantastic or delusional scenarios." *Abner v. SBC Ameritech*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)) (quotation marks omitted). The instant complaint meets this standard.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's complaint be **dismissed** for failure to state a claim. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good

faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess

the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.


Date:  September 7, 2023                                     /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            U.S. Magistrate Judge


     OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).